## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

**Certain Underwriters at Lloyd's,
London Subscribing to Policy Number
B1115P190308/0162,**

**Plaintiff,**

v.

**WENVI, INC., d/b/a Wendy's,**

**Defendant.**

_____

**1:22-cv-00021-WAL-EAH**

TO:   Robert J. Kuczynski, Esq.
      Lee J. Rohn, Esq.

### ORDER DENYING MOTION TO INTERVENE

**THIS MATTER** is before the Court upon Benjamin "Bennie" Martinez and Anna C.

Fabio's (the "Prospective Intervenors") Renewed Motion to Intervene (Dkt. No. 11).[1]

Plaintiff filed a response (Dkt. No. 14) and the Prospective Intervenors did not reply. For

the following reasons the Court will deny the motion to intervene.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

The Prospective Intervenors filed an action for damages in the Superior Court of the

Virgin Islands against WENVI, Inc. d/b/a Wendy's ("WENVI").[2] The Prospective Intervenors

alleged in the underlying suit that they were damaged on WENVI's premises. Thereafter,

Plaintiff "filed this action to determine whether it owes a duty to defend and indemnify its

---

[1] Prospective Intervenors' Motion to Intervene (Dkt. No. 8), filed April 21, 2022, was denied without prejudice for failure to satisfy Local Rule of Civil Procedure 7.1(f). *See* Court's Order, entered April 25, 2022 (Dkt. No. 10).
[2] *See Benjamin Martinez and Ana Fabio v. WENVI, Inc.*, SX-2021-CV-476

insured, WENVI, Inc. dba Wendy's, under the relevant insurance policy in the underlying

suit *Benjamin Martinez and Ana Fabio v. WENVI, Inc.*, SX-2021-CV-476 (the "underlying

suit"), which is currently pending in the Superior Court of the Virgin Islands." Opp'n at 1.

The Prospective Intervenors then moved for intervention as of right herein, pursuant to

Fed. R. Civ. P. 24(a) asserting that they are entitled to intervene in the instant matter

because they have an interest in a specific fund. Plaintiff argues that the Prospective

Intervenors do not have a right to intervene because they do not have a sufficient interest

in the litigation.

## II.    APPLICABLE LAW

The party seeking to intervene under Rule 24(a)(2) of the Federal Rules of Civil

Procedure must establish the following elements:

(1) A timely application for leave to intervene;

(2) A sufficient interest in the underlying litigation;

(3) A threat that the interest will be impaired or affected by the underlying action; and

(4) That the existing parties to that action do not adequately represent the prospective

   intervenor's interests.

*Liberty Mutual Insurance Company v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005)

(citing *Kleissler v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir. 1198).  To that

end, "[e]ach of these requirements must be met to intervene as of right." *See Treesdale*, 419

F.3d at 220 (citing *Mountain Top Condominium Association v. Dave Stabbert Master Builder,*

*Certain Underwriters at Lloyds, London v. WENVI, Inc.*
1:22-cv-00021-WAL-EAH
Order Denying Motion to Intervene
Page 3

*Inc.*, 72 F.3d 361, 366 (3d Cir. 1995) (citation omitted)). Moreover, the party seeking

intervention bears the burden of demonstrating that intervention is appropriate. *Livingston*

*v. Berger*, 1:19-cv-00012, 2020 U.S. Dist. LEXIS 27198 at *4 (D.V.I. 2020) (internal citations

omitted). Further, the court must accept as true the non-conclusory allegations made in

support of a motion to intervene. *Id*. at *5.

### III.    DISCUSSION

The Prospective Intervenors bring their motion for intervention as of right,

pursuant to Federal Rules of Civil Procedure Rule 24(a). In addition to timeliness the

Prospective Intervenors must also establish that (1) "[they] have a sufficient interest in the

litigation;" (2) "the interest may be affected or impaired, as a practical matter by the

disposition of the action;" and (3) "the interest is not adequately represented by an existing

party in the litigation." *Livingston*, 2020 U.S. Dist. LEXIS 27198 at *5-6 (quoting *Gen. Star*

*Indem. Co. v. V.I. Port Auth.*, 224 F.R.D. 372, 374-75 (D.V.I. 2004) (quoting *Brody v. Spang*,

957 F.2d 1108, 1115 (3d Cir. 1992)); *accord Harris v. Pernsley*, 820 F.2d 592, 596 (3d Cir.

1987) (stating that each factor "must be met to intervene as of right").

### A.  Prospective Intervenors' Motion is Timely

Plaintiff filed the instant complaint for declaratory judgment on February 15, 2022

(Dkt. No. 1), and the Prospective Intervenors initially filed their Motion to Intervene on

April 21, 2022 (Dkt. No. 8). The Court denied without prejudice the Prospective

Intervenors' Motion to Intervene for failure to satisfy LRCi 7.1(f) (Dkt. No. 10). On April 26,

*Certain Underwriters at Lloyds, London v. WENVI, Inc.*
1:22-cv-00021-WAL-EAH
Order Denying Motion to Intervene
Page 4

2022, the Prospective Intervenors filed the instant renewed Motion to Intervene (Dkt. No. 11).  On May 10, 2022, Plaintiff filed its opposition to the renewed motion to intervene (Dkt. No. 14). Plaintiff does not challenge the timeliness of the renewed motion to intervene.[3] Accordingly, the Prospective Intervenors have satisfied the timeliness factor.

B. **Prospective Intervenors' Have Not Established a Sufficient Interest in the Instant Litigation**

The Prospective Intervenors' main argument is that they have an interest in a specific fund sufficient to entitle them to intervention in a case affecting that fund. *See* Mot. at 2. Plaintiff argues that the Prospective Intervenors "have nothing more than an economic interest in the outcome of this declaratory judgement action, which is insufficient to support the right to intervene." Opp'n. at 2.

Fed. R. Civ. P. 24(a) does not detail what kind of interest a party must have to intervene as a matter of right, but the Supreme Court has held that "[w]hat is obviously meant . . . is a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971); *see also Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998) (noting that no "precise and authoritative definition of the interest that satisfies Rule 24(a)(2)" exists) (internal quotation marks omitted). "Nonetheless, the polestar for evaluating a claim for intervention is always whether the proposed intervenor's interest is direct or remote." *Kleissler*, 157 F.3d at 972. Accordingly, to establish a sufficient interest for

---

[3] Even if Plaintiff were to challenge the timeliness factor, the Court would still determine that the Prospective Intervenors had satisfied the timeliness factor.

*Certain Underwriters at Lloyds, London v. WENVI, Inc.*
1:22-cv-00021-WAL-EAH
Order Denying Motion to Intervene
Page 5

intervention, "the applicant must demonstrate that there is a tangible threat to a legally

cognizable interest to have the right to intervene." *Harris*, 820 F.2d at 601. Furthermore,

the proposed intervenor should have an interest that "is capable of definition and will be

directly affected in a substantially concrete fashion by the relief sought." *Kleissler*, 157 F.3d

at 972. Said another way, to establish a sufficient interest for intervention, the Prospective

Intervenor must demonstrate that they have "an interest relating to the property or

transaction which is the subject of the action." *See Mountain Top*, 72 F.3d at 366. However,

that related interest must be more than a mere related interest because the "mere fact that

a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not

give the third party a right to intervene." *See Treesdale*, 419 F. 3d at 221.

The Prospective Intervenors state that they have an interest in the instant matter

because there is "an insurance policy applicable to movants pending litigation against the

insured [Defendant] WENVI," and intervention is necessary to ensure that there are funds

to pay a potential judgment if they are successful in the Superior Court, which is an

economic interest. *See* Mot. at 2. Further, that "[w]hile a mere economic interest may be

insufficient to support the right to intervene, an intervenor's interest in a specific fund is

sufficient to entitle intervention in a case affecting that fund," and that they have an interest

in a specific fund—the insurance policy that Plaintiff represents. Mot. at 2 (citing *Mountain*

*Top Condo. Ass'n*, 72 F.3d at 366 (3d Cir. 1995)). Plaintiff argues that Prospective

Intervenors do not have a sufficient interest in this litigation because they have "nothing

*Certain Underwriters at Lloyds, London v. WENVI, Inc.*
1:22-cv-00021-WAL-EAH
Order Denying Motion to Intervene
Page 6

more than an economic interest in the outcome of this declaratory judgment action, which is insufficient to support the right to intervene." Opp'n at 2.

The Prospective Intervenors cite to the Third Circuit Court of Appeals' decision in the *Mountain Top* case as support for their position. However, while the *Mountain Top* Court found that a proposed intervenor's interest in a specific fund can be sufficient to allow intervention as of right, it nevertheless recognized that the specific fund in question "concerned the disbursement of insurance proceeds that the insurance carrier had *already* paid to the condominium association to compensate for a loss caused by a hurricane." *See Treesdale*, 419 F. 3d at 221 (emphasis added). Therefore, because the specific fund had already been paid out to the condominium association, the proposed intervenors in *Mountain Top* were members of the apartment owners who were intended third party beneficiaries. Consequently, the Third Circuit determined that the proposed intervenors had "a property interest in the trust *res* that was enforceable in law or in equity" and had "an interest in seeing that the assets of the trust [were] not diverted in a manner that [would] defeat the purpose of the trust." *See Mountain Top*, 72 F. 3d at 367. The Third Circuit further concluded that the proposed intervenors had "an interest in being heard with respect to the disposition of that fund . . . [and] such an interest [was] sufficient to support an applicant's intervention as of right." *See Mountain Top*, 72 F. 3d at 368. That is not the case herein, and two other Third Circuit cases distinguish the case at bar from the reasoning and rulings in *Mountain Top. See Liberty Mutual Insurance Company v. Treesdale,*

*Certain Underwriters at Lloyds, London v. WENVI, Inc.*
1:22-cv-00021-WAL-EAH
Order Denying Motion to Intervene
Page 7

*Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) and *Liberty Mutual Ins. Co. v. Pacific Indemnity Co.,* 76

F.R.D. 656, 658 (W.D. Pa. 1977).

In *Liberty Mutual Insurance Company v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir.

2005), the prospective intervenors sought to intervene asserting that Liberty Mutual had

an obligation under the insurance policies and that their right to recover could be

eliminated in the declaratory judgment that Liberty Mutual filed against their insured. *See*

*Treesdale*, 419 F.3d at 219. Liberty Mutual sought declaratory judgment declaring that it

had no further duty to defend or indemnify its insured. *See id.* Like the instant matter

herein, in *Treesdale* there was a pending underlying claim, which had not been resolved.

With these facts, the Third Circuit concluded that "the nature of the fund at issue in

*Mountain Top* differed radically from the 'fund' here. The insurance proceeds in *Mountain*

*Top* were required to be held in trust for the benefit of all condo owners." *See Treesdale*,

419 F.3d at 222. The Third Circuit further concluded that consequently the proposed

intervenors "have no property interest in the Liberty Mutual [] policies nor do they have

any legally protectable interest in the policies. Rather they have the kind of economic

interest in the insurance proceeds that we have held does not support intervention as a

matter of right." *See id*. The kind of interest the Third Circuit was referring to is the kind of

"interest contingent upon a favorable result in an associated lawsuit." *See Treesdale*, 419 F.

3d at 223 (citing *Liberty Mutual Ins. Co. v. Pacific Indemnity Co.,* 76 F.R.D. 656, 658 (W.D. Pa.

1977) ("[A]n interest contingent upon a favorable result in an associated lawsuit is not an interest sufficient to require intervention under Rule 24(a)").

In *Liberty Mutual Ins. Co. v. Pacific Indemnity Co.,* 76 F.R.D. 656, 658 (W.D. Pa. 1977)—a case where the facts are directly analogous to the facts at bar—its reasoning and ruling further supports denial of the right to intervene herein. In *Pacific Indemnity*, the Plaintiff in an underlying personal injury action sought to intervene in an insurance declaratory judgment action. In rejecting the proposed intervenor's arguments for intervention as of right, the District Court concluded that "since the contested issues of fact had to be resolved before [the Plaintiff in the underlying personal injury action] could recover a judgment, [the] interest in intervention is contingent and not direct and consequently, not the kind of interest courts have required for intervention under Rule 24(a)." *See Pacific Indemnity*, 76 F.R.D. at 660.

Considering the reasoning and rulings of the Third Circuit in *Mountain Top*, *Treesdale*, and *Pacific Indemnity*, the Prospective Intervenors' interest herein is more like the interest of the proposed intervenors in *Treesdale* and *Pacific Indemnity*—contingent upon a favorable result in an underlying suit. Such an interest is not sufficient to require intervention under Rule 24(a). Moreover, as stated previously, the Third Circuit has noted:

> In general, a mere economic interest in the outcome of the litigation is insufficient to support a motion to intervene. Thus, the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene.

*Mountain Top Condo. Ass'n*, 72 F.3d at 366 (internal citations omitted).

*Certain Underwriters at Lloyds, London v. WENVI, Inc.*
1:22-cv-00021-WAL-EAH
Order Denying Motion to Intervene
Page 9

Accordingly, the Court sees no basis to depart from well-established reasoning and rulings regarding intervention as of right where the prospective intervenor claims a mere economic interest that is contingent on a favorable result in an underlying action, and therefore, the Court finds that the Prospective Intervenors herein have not established a sufficient interest necessary to intervene as of right, pursuant to Rule 24(a). Having determined that the Prospective Intervenors have failed to satisfy the second factor for intervention as of right, the Court need not address the remaining factors.

## IV.    CONCLUSION

For the reasons stated above, the Prospective Intervenors have failed to establish that they have a sufficient interest in the litigation; therefore, they have no right to intervention and their motion to intervene must be denied.

Accordingly, the premises considered, and the Court otherwise being duly advised, it is now hereby **ORDERED** that Benjamin "Bennie" Martinez and Anna C. Fabio's Motion to Intervene (Dkt. No. 8) is **DENIED.**

ENTER:

Dated: June 10, 2022                          /s/ Emile A. Henderson III
                                              EMILE A. HENDERSON III
                                              U.S. MAGISTRATE JUDGE